Harold E. Koreman, J.
In this article 78 proceeding petitioner seeks to annul a determination made by respondent relating to salaries for summer school teachers. Respondent has moved pursuant to CPLR 7804 (subd. [f]) for dismissal of the petition for failure to state facts sufficient to constitute a cause of action. The 11 teachers involved have been permitted to *936 intervene and urge the same ground for dismissal of the petition. (CPLR 7804, subd. [f].) Petitioner paid the teachers in its school district $1,000 each for their services rendered during the 1969 summer school program. On appeal respondent Commissioner determined that petitioner should have adopted a salary schedule for that summer school program in accordance with section 3103 of the Education Law. A minimum summer school salary schedule, respondent held, must provide at least one tenth for each full month (20 days) of service, or one two-hundredth for each day of service of the minimum salary established by subdivisions 2 and 3 of section 3103. Petitioner contends that article 63 of the Education Law is in derogation of the common-law right of a school district to fix salaries and should be strictly construed; that respondent’s expansion of policy pursuant to that article for the benefit of teachers in a summer school program is unwarranted and contrary to legislative intent.
We are concerned here with the scope of judicial review of decisions of the Commissioner of Education made pursuant to section 310 of the Education Law. Unless such decisions are “ purely arbitrary ” they are final and conclusive. (Matter of Board of Educ. v. Allen, 6 N Y 2d 127; Matter of Board of Educ. v. Allen, 14 A D 2d 429, affd. 12 N Y 2d 980; Matter of Vetere v. Allen, 15 N Y 2d 259.) “ The purpose of the grant of quasi-judicial powers under section 310 of the Education Law is ' to make all matters pertaining to the general school system of the state within the authority and control of the department of education and to remove the same as far as practicable and possible from controversies in the courts ’ (Bullock v. Cooley, 225 N. Y. 566, 576-577) ”. (Matter of Vetere v. Allen, supra, p. 265.)
Respondent decided that the issues before him are to be determined by the principles of law set forth in Matter of Izard (7 Ed. Dept. Rep. 135) — wherein it was indicated that the statutory requirement that the salary schedule of every school district comply with the minimum salary established by the Legislature is applicable to summer school; that teachers who serve four hours or more in a summer school program are full time teachers and must be paid in accordance with a schedule which complies with the salary laws. (Education Law, art. 63.) This is the policy established by the respondent Commissioner for summer school service for teachers who serve by regular appointment in a specific position for more than four hours a day.
In the opinion of this court respondent’s determination sought to be reviewed was well within the authority vested in him by section 310 of the Education Law. A matter of policy judgment *937 pertaining to the general school system of the State should remain within the authority and control of the Department of Education without interference by the courts, absent a finding of pure arbitrariness. Since respondent’s determination finds sanction in both the statutory authority pursuant to which it was made, and in the prevailing judicial authorities pertaining to determinations made by the Commissioner of Education, it cannot be said to be “ purely arbitrary ’ ’.
Accordingly, both the respondent’s and the intervenors’ motions are granted and the petition is dismissed.